# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

DANNY DEWANE HOPPER,               )
                                   )
                    Plaintiff,     )
                                   )
v.                                 )        Case No. CIV-26-00716-JD
                                   )
SCOTT HARRIS,                      )
                                   )
                    Defendant.     )

## ORDER

Before the Court is the Report and Recommendation ("R. & R.") of United States Magistrate Judge Amanda L. Maxfield. [Doc. No. 12]. For the reasons outlined below, the Court accepts the R. & R.

## I.    ANALYSIS

Plaintiff is a *pro se* state prisoner who filed a "Notice to Enforce Default Judgments." [Doc. No. 1-1 at 5]. The initiating document was not on the proper form and did not provide the Court with the information required by the form and necessary to screen Plaintiff's case. [*See* Doc. No. 6 at 1]. Plaintiff also filed an Application to Proceed In Forma Pauperis, but Plaintiff failed to attach a certified copy of the statement(s) of Plaintiff's institutional account(s) for the six-month period immediately preceding filing, obtained from the appropriate official of each penal institution or jail at which Plaintiff is or was confined. [*See* Doc. No. 2]. The Court referred the matter to Judge Maxfield for preliminary review consistent with 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 4].

Upon review of the record and noting these deficiencies, Judge Maxfield entered an Order to Plaintiff to Cure Deficiencies by May 11, 2026, and warned that Plaintiff's failure to do so could result in the dismissal of his case. [Doc. No. 6 at 2]. Plaintiff responded to the order and attached various documents, none of which addressed the identified deficiencies in Judge Maxfield's order. [*See* Doc. No. 12 at 2; *see also* Doc. Nos. 7–10]. Plaintiff also sent a $68.16 check to the courthouse. [Doc. No. 11].

The R. & R. concluded that Plaintiff has failed to show good cause for his failure to comply with the Order to Plaintiff to Cure Deficiencies, nor has he requested more time to comply. [Doc. No. 12 at 2]. Pursuant to Federal Rule of Civil Procedure 41(b), the R. & R. recommended dismissing Plaintiff's action without prejudice for failure to prosecute or comply with court orders and rules. [*Id.* ("The Tenth Circuit 'ha[s] consistently interpreted Rule 41(b) to permit courts to dismiss actions *sua sponte* . . . .'") (quoting *Huggins v. Supreme Court of the United States*, 480 F. App'x 915, 916–17 (10th Cir. 2012)]. The R. & R. also recommended that the Clerk of Court refund the $68.16 to Plaintiff. [*Id.* at 3]. The R. & R. advised Plaintiff of his right to object by June 4, 2026, and warned that failure to file a timely objection would waive the right to appellate review of the factual and legal issues in the R. & R. [*Id.*].

Plaintiff filed an objection to the R. & R. on June 16, 2026. [Doc. No. 16]. Prior to filing his objection, Plaintiff submitted the sworn affidavit of his "law assistant" stating that he did not receive the R. & R. until June 3, 2026. [Doc. No. 15 at 6; *see also* Doc. No. 16 at 5–6].

2

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). By not timely objecting to a magistrate judge's report and recommendation, a party waives his right to challenge the legal and factual basis for the magistrate judge's decision. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) ("Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.").

"The waiver rule as a procedural bar need not be applied when the interests of justice so dictate." *Id.* Here, the Court grants relief from the waiver rule in the interests of justice due to Plaintiff's efforts to comply, and accordingly, the Court considers Plaintiff's objection. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010) (explaining that the court may grant relief from the waiver rule for failure to timely object to the magistrate judge's report and recommendation in the "interests of justice" by considering factors such as a *pro se* litigant's effort to comply, the force and plausibility of the explanation for the party's failure to comply, and the importance of the issues raised).

First, Plaintiff objects to the R. & R. because he did not consent to Magistrate Judge Maxfield. [Doc. No. 16 at 3–5, 10]. However, pursuant to 28 U.S.C. § 636, the Court may designate a magistrate judge to submit to it proposed findings of fact and recommendations for the disposition of any matter, which is what the Court did in this case. [*See* Doc. No. 4 (citing 28 U.S.C. § 636(b)(1)(B), (C)]. Judge Maxfield acted in

3

accordance with the Court's referral order and the procedures outlined in § 636(b) and Federal Rule of Civil Procedure 72 by issuing the Order to Plaintiff to Cure Deficiencies and by issuing the R. & R., which advised Plaintiff of his right to object and the time in which to do so. Accordingly, Judge Maxfield's authority to act in this case was not dependent on Plaintiff's consent to appear before her under § 636(c)(1) but pursuant to the Court's referral.

Second, Plaintiff states that he attached the financial statement to his Application to Proceed In Forma Pauperis and then resubmitted it on May 28, 2026. [Doc. No. 16 at 6, 7]. As stated in Judge Maxfield's Order to Plaintiff to Cure Deficiencies, Plaintiff's "[*i*]*n forma pauperis* motion is missing the certified copy of the statement(s) of Plaintiff's institutional account(s) for the six-month period immediately preceding filing, obtained from the appropriate official of each penal institution or jail at which Plaintiff is or was confined." [Doc. No. 6 at 1]. The application to proceed in forma pauperis provided on the Western District of Oklahoma website states as follows:

> You **MUST ATTACH** to this application and affidavit a certified copy of your institutional account statement (or institutional equivalent) for the six-month period immediately preceding the filing of this action. **You must obtain the certified copy of your institutional account statement** (or institutional equivalent) **from the appropriate official of each penal institution or jail at which you are or were confined during the six-month period immediately preceding the filing of this action.**[1]

---

[1] United States District Court Western District of Oklahoma, https://www.okwd.uscourts.gov/sites/okwd/files/IFP_prisoner.pdf (last visited June 26, 2026).

Neither Plaintiff's Application to Proceed In Forma Pauperis, nor Plaintiff's May 28, 2026 filing, included a certified copy of his institutional account statement. [*See* Doc. Nos. 2, 14].

Plaintiff also objects to the R. & R.'s designation of Plaintiff as appearing *pro se*. [Doc. No. 16 at 7–8]. However, Plaintiff does not identify how this constitutes legal or factual error that affects the recommended action by the R. & R.[2]

Plaintiff states that he did not receive the R. & R. in a timely manner. [*Id.* at 8–9, 11]. However, this has not prejudiced Plaintiff because the Court is considering Plaintiff's objection even though it was not submitted within the objection period identified by the R. & R. Moreover, to the extent that Plaintiff states that Judge Maxfield is responsible for Plaintiff not timely receiving the R. & R. and the Court not receiving a certified copy of his institutional account statement [*see id.* at 9–10], the Court notes that Judge Maxfield does not have a role in sending Plaintiff the Court's orders, nor is she responsible for filing Plaintiff's documents.

To the extent Plaintiff asserts that the Court accepted "the filing fee of $68.16" and has "permission . . . to obtain funds for the expenses of the case" from "his trust account number with the Federal Reserve Bank" [*see id.* at 6, 9, 12; *see also* Doc. No. 2 at 2 ¶ 5], that misunderstands the R. & R.'s recommended disposition. The R. & R. recommends dismissal without prejudice for Plaintiff's failure to comply with the court's order and failure to prosecute. [Doc. No. 12 at 2]. Additionally, the R. & R. recommends

---

[2] Plaintiff also states his name should be listed as "Danny-Dewane: hooper." [*Id.* at 10]. But that objection also does not address the R. & R.'s recommended disposition.

5

that the Clerk of Court return the payment made of $68.16 because it was improperly sent to the Court. [*Id.* at 3].

Finally, Plaintiff objects that the R. & R. did not reach the merits of his case by enforcing default judgments. [Doc. No. 16 at 11, 12, 15]. But given the recommended disposition in the R. & R., it was unnecessary for the R. & R. to reach the merits of the action.

## II.    CONCLUSION

For the reasons outlined above, the Court finds that Plaintiff has not presented any basis for legal or factual error in the R. & R., and upon its de novo review, concludes that dismissal of this action is proper. Accordingly, the Court ACCEPTS and ADOPTS the R. & R. [Doc. No. 12] and DISMISSES Plaintiff's action without prejudice. Also, in accordance with the R. & R., the Court ORDERS the Clerk of Court to refund Plaintiff $68.16 to his institutional bank account, which reflects the amount that Plaintiff improperly sent to the court. A separate judgment will follow.

IT IS SO ORDERED this 29th day of June 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE