## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

DANNY DEWANE HOPPER,                )
                                    )
            Plaintiff,              )
                                    )
v.                                  )        Case No. CIV-26-00716-JD
                                    )
SCOTT HARRIS,                       )
                                    )
            Defendant.              )

## **ORDER**

Before the Court is Plaintiff's filing, which the Court construes as a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b). [Doc. No. 24].[1] For the reasons outlined below, the Court denies the Motion.

In a June 29, 2026 order, the Court accepted the Report and Recommendation ("R. & R.") of Judge Maxfield and dismissed Plaintiff's case without prejudice. [Doc. No. 18 at 6]. The Court entered a corresponding judgment the same day. [Doc. No. 19]. Plaintiff subsequently filed his notice of appeal. [Doc. No. 20].

---

[1] Plaintiff mailed three notices, one of which is directed at the Court [Doc. No. 24] and two of which appear to be addressed to or directed at the Clerk of Court and United States Magistrate Judge Amanda L. Maxfield [Doc. Nos. 25 and 26]. In Plaintiff's filings, he states that "[t]his is not a Public Communication." [*See, e.g.*, Doc. No. 24 at 14]. The Court construes the filing directed at the Court [Doc. No. 24] as a motion because he requests action by the Court relating to his case and objects to the Court's order and judgment. To the extent the other filings also could be construed as motions, the Court collectively resolves them by this order. Additionally, there is a strong presumption in favor of public access to court records, and the "presumption [is] that judicial records should be open to the public." *United States v. Bacon*, 950 F.3d 1286, 1293 (10th Cir. 2020). Plaintiff has not demonstrated countervailing interests that would override the public interest in access to these documents. *See id.* Thus, to the extent Plaintiff requests to file these documents under seal, the Court declines to do so.

1

In his Motion, Plaintiff states many of the same grounds for Plaintiff's objections to the R. & R., including the Court's jurisdiction to enforce "rules" against him, Plaintiff's lack of consent to Judge Maxfield, Plaintiff's lack of compliance with the Court's *in forma pauperis* application, and Plaintiff's name should be listed as "Danny-Dewane: hopper." [*See* Doc. No. 24]. Plaintiff also argues the merits of the document he filed initiating this case, Notice to Enforce Default Judgments. [Doc. No. 1]. However, neither the R. & R., nor the Court's June 29, 2026 order, addressed the merits of his case because the Court dismissed Plaintiff's case based upon his failure to cure deficiencies in his initiating document and in his application to proceed *in forma pauperis.* [*See* Doc. No. 12 at 1–2]. As outlined in the Court's order, none of the arguments made by Plaintiff implicate legal or factual error impacting the recommendation of the R. & R. Additionally, Plaintiff's arguments do not implicate any reason justifying relief from the Court's judgment under Rule 60(b). *See* Fed. R. Civ. P. 60(b)(1)–(6).

Consequently, the Court DENIES the Motion. [Doc. No. 24].

IT IS SO ORDERED this 30th day of July 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

2